**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-4447**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LAVEL MYNER BEST, a/k/a VEL,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:08-cr-00060-NCT-2)

_____

Submitted:  February 10, 2011          Decided:  March 17, 2011

_____

Before DAVIS and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

George E. Crump, III, Rockingham, North Carolina, for Appellant. Terry Michael Meinecke, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lavel Myner Best pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006), and possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006). Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating there are no meritorious issues for appeal but questioning (1) whether Best's plea was knowing and voluntary; (2) whether Best's competency should have been evaluated before sentencing; and (3) whether Best's sentence was reasonable, particularly given the district court's failure to impose a variant sentence to obviate the sentencing disparity between crack and powder cocaine. Best was informed of his right to file a supplemental brief, but he has not done so. Finding no error, we affirm.

Although counsel questions the voluntariness of Best's plea, he cites to no specific omission by the district court. Because Best did not move in the district court to withdraw his guilty plea, any error in the Fed. R. Crim. P. 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). The district court fully complied with the dictates of Rule 11 in accepting Best's plea, and the record shows that Best's plea was knowing and voluntary. Thus, no error, plain or otherwise, taints his convictions.

2

Next, counsel suggests that Best's competency should have been evaluated before the district court sentenced Best. This court "review[s] the district court's competence determination for clear error." United States v. Robinson, 404 F.3d 850, 856 (4th Cir. 2005). A district court must determine if the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding[] and whether he has a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402, 402 (1960) (internal quotation marks omitted); see 18 U.S.C. § 4241(d) (2006). Our review of the record leads us to conclude that the district court did not clearly err in finding Best competent for sentencing. Thus, we conclude that Best's claim lacks merit.

Best's arguments regarding his sentence lack merit as well. Best's presentence investigation report ("PSR") properly placed him in criminal history category VI. The PSR correctly calculated a total offense level of twenty-seven, resulting in an advisory range of 130-162 months' imprisonment. The district court afforded counsel an opportunity to argue regarding an appropriate sentence, afforded Best an opportunity to allocute, considered the relevant 18 U.S.C. § 3553(a) (2006) factors, and sufficiently explained its rationale for rejecting Best's request for a downward variance and imposing Best's sentence of

160 months.  See United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (recognizing that the district court must "place on the record an individualized assessment based on the particular facts of the case before it") (internal quotation marks omitted).  Finally, Best has failed to rebut our presumption that his within-Guidelines sentence is reasonable.  See United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).  Accordingly, we conclude that Best's sentence is both procedurally and substantively reasonable.

In accordance with Anders, we have reviewed the record in this case, including those issues highlighted by counsel, and have found no meritorious issues for appeal.  We therefore affirm the district court's judgment.  This court requires that counsel inform Best, in writing, of the right to petition the Supreme Court of the United States for further review.  If Best requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Best.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED